**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Missouri
(State)

Case number *(if known):* _____    Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Payless ShoeSource, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 48-0674097 |

4. **Debtor's address**

**Principal place of business**

**3231 Southeast Sixth Avenue**
Number          Street

**Topeka          KS     66607-2207**
City               State     Zip Code

**Shawnee**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City               State     Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City               State     Zip Code

5. **Debtor's website** (URL)          **http://www.payless.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor _____    Case number *(if known)* _____
   Name Payless ShoeSource, Inc.

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4482**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.    District _____  When _____  Case number _____
                                             MM/DD/YYYY
          District _____  When _____  Case number _____
                                               MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.    Debtor    **See Rider 1**    Relationship    **Affiliate**

        District    **Eastern District of Missouri**    When _____

        Case number, if known _____    MM / DD / YYYY

Debtor    Name  Payless ShoeSource, Inc.                                   Case number *(if known)*  _____

---

| **11. Why is the case filed in *this* district?** | *Check all that apply:* |
|---|---|
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | Number | Street |
|---|---|---|
| _____ | | |
| | City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency  _____

Contact name  _____

Phone  _____

---

| **Statistical and administrative information** |
|---|

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor _____   Case number *(if known)* _____
Name Payless ShoeSource, Inc.

| **16. Estimated liabilities** | | | |
|---|---|---|---|
| | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **Request for Relief, Declaration, and Signatures** |
|---|

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___**04/04/2017**___
MM/ DD / YYYY

✗   ___**/s/ W. Paul Jones**___          **W. Paul Jones**
Signature of authorized representative of debtor          Printed name

Title   **Chief Executive Officer and President**

**18. Signature of attorney**

✗   ___*/s/ Steven N. Cousins*___          Date   ___**04/04/2017**___
Signature of attorney for debtor          MM/ DD/YYYY

**Steven N. Cousins**
Printed name

**Armstrong Teasdale LLP**
Firm name

**7700 Forsyth Boulevard, Suite 1800**
Number          Street

**St Louis**          **Missouri**   **63105**
City          State          ZIP Code

**(314) 621-5070**          **scousins@armstrongteasdale.com**
Contact phone          Email address

**MO 30788**          **MO**
Bar number          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Eastern District of Missouri_____
(State)

Case number *(if known):* _____   Chapter ___11___

☐ Check if this is an amended filing

## <u>Rider 1</u>
## <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Eastern District of Missouri for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Payless Holdings LLC.

- Payless ShoeSource, Inc.
- Payless Holdings LLC
- Payless Intermediate Holdings LLC
- WBG-PSS Holdings LLC
- Payless Inc.
- Payless Finance, Inc.
- Collective Brands Services, Inc.
- PSS Delaware Company 4, Inc.
- Shoe Sourcing, Inc.
- Eastborough, Inc.
- Payless Purchasing Services, Inc.
- Payless ShoeSource Merchandising, Inc.
- Payless Gold Value CO, Inc.
- Payless ShoeSource Distribution, Inc.
- Payless ShoeSource Worldwide, Inc.
- Payless NYC, Inc.
- Payless ShoeSource of Puerto Rico, Inc.
- Payless Collective GP, LLC
- Collective Licensing, LP
- Collective Licensing International, LLC
- Clinch, LLC
- Collective Brands Franchising Services, LLC
- Payless International Franchising, LLC
- Collective Brands Logistics, Limited
- Dynamic Assets Limited
- PSS Canada, Inc.
- Payless ShoeSource Canada Inc.
- Payless ShoeSource Canada GP Inc.
- Payless ShoeSource Canada LP

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Missouri
(State)

Case number *(if known):* _____     Chapter ___11___

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15                    12/1

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

This is a consolidated list of creditors for all of the Debtors in the chapter 11 cases of Payless Holdings LLC, et al.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  MORGAN STANLEY SENIOR FUNDING INC. 1585 BROADWAY, 4TH FLOOR NEW YORK, NY  10036 | ATTN: CHRISTINA AMES PHONE - 212-761-2975 EMAIL - CHRISTINA.AMES@MORGANSTANLEY.COM | SECOND LIEN TERM LOANS | UNLIQUIDATED | N/A | N/A | $145,000,000[1] |
| 2  EVER-RITE INTERNATIONAL CO LTD 6F~5, NO. 8, 609 LANE, SEC. 5 CHUNG-HSIEN RD., SAN CHUNG NEW TAIPEI CITY TAIWAN | ATTN: ALBERT WANG OWNER PHONE - 886-2-2999-8888 EXT 313 EMAIL - SHARON@MAIL.EVERRITE.COM | TRADE PAYABLE - MERCHANDISE | | | | $ 23,335,212 |
| 3  HUGE INTERNATIONAL LTD 8F., NO. 101, SEC 2 TAIWAN BLVD. TAICHUNG CITY TAIWAN | ATTN: JOSEPH LIN CEO PHONE - 886-4-23051789 FAX - 886-4-23051471 EMAIL - JOSEPH@HUGEINTL.COM | TRADE PAYABLE - MERCHANDISE | | | | $ 18,233,578 |

---

[1]   Consistent with terms of Restructuring Support Agreement.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4  MODA SHOE LIMITED SUITE 3810-11, 38/F, TOWER 6 THE GATEWAY, HARBOUR CITY 9 CANTON ROAD TSIM SHA TSUI, KOWLOON HONG KONG  800 N. SEPULVEDA BLVD EL SEGUNDO, CA 90245 | ATTN: ANTHONY BRIAN COX DIRECTOR PHONE - 852-27368092 FAX - 852-27303799 EMAIL - TONY@MODA-SHOEBIZ.COM  ATTN: JACK SILVERA CEO & FOUNDER PHONE - 310-647-6700 X737 EMAIL - JACKS@DYNASHOE.COM | TRADE PAYABLE - MERCHANDISE | | | | $ 14,913,224 |
| 5  THE ASEAN CORP LTD ROOM 1102-5, 11/F. 9 WING HONG STREET, CHEUNG SHA WAN KOWLOON, HONG KONG HONG KONG  5216 BARNETT AVE. LONG ISLAND CITY, NY 11104 | ATTN: CLARENCE CHOI PHONE - 852-39637026 EMAIL - CLARENCE_CHOI@TOPLINECORP.COM  ATTN: EDWARD ROSENFELD CEO PHONE - 718-308-2263 EMAIL - EDROSENFELD@STEVEMADDEN.COM | TRADE PAYABLE - MERCHANDISE | | | | $ 13,878,451 |
| 6  QINGDAO DOUBLESTAR MINGREN IMP & EXP CO NO. 45 QUTANGXIA ROAD QINGDAO, SHANDONG 266002 CHINA | ATTN: YU QUNLI CEO PHONE - 86-532-82664688 EMAIL - YUQUNLI777@GMAIL.COM | TRADE PAYABLE - MERCHANDISE | | | | $ 8,723,045 |
| 7  FORTUNE WAY INTERNATIONAL CO., LTD NO. 241, PING HIS RD SHALU TOWN TAICHUNG, TAIWAN TAIWAN | ATTN: JOHNSEN WU PHONE - 86-13925830888 EMAIL - JOHNSEN@HEXINTAI.COM | TRADE PAYABLE - MERCHANDISE | | | | $ 7,902,747 |
| 8  XIAMEN C AND D LIGHT INDUSTRY CO LTD YANGDAI INDUSTRAY AREA, CHENDAI JINJIANG, FUJIAN CHINA | ATTN: MR. JIAN NING LIN GMM PHONE - 86-18016508888 EMAIL - 18016508888@189.CN | TRADE PAYABLE - MERCHANDISE | | | | $ 5,620,764 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  SANTAK CORPORATION NO.20, LN. 11, SHANG'AN RD., XITUN DIST. TAICHUNG  407 TAIWAN | ATTN: LU.HUEI-TING OWNER FAX - 886-4-24529155 EMAIL - CORY_CHEN@SANTAKCORP.COM.TW | TRADE PAYABLE - MERCHANDISE | | | | $  5,560,500 |
| 10  HIGHCOM INTERNATIONAL LIMITED 9F-1, NO. 73, JHONGYI STREET, SITUN DIST TAICHUNG  407 TAIWAN | ATTN: LISA CHEN PHONE - 886-935-396822 FAX - 886-4-23585366 EMAIL - LISA@HIGHCHAIN.COM.TW | TRADE PAYABLE - MERCHANDISE | | | | $  5,545,609 |
| 11  FILA USA INC 1411 BROADWAY 30TH FL. NEW YORK, NY  10018 | ATTN: JON EPSTEIN PRESIDENT PHONE - 646-265-3053 EMAIL - JEPSTEIN@FILA.COM | TRADE PAYABLE - MERCHANDISE | | | | $  5,172,156 |
| 12  BEST PARAMOUNT INTERNATIONAL LIMITED FL. 12, NO. 309, SUNG CHIANG ROAD TAIPEI TAIWAN | ATTN: VINCENT CHIEN PHONE - 886-912-578-853 FAX - 886-2-25010459 EMAIL - VINCENT@LJOINC.COM.TW | TRADE PAYABLE - MERCHANDISE | | | | $  4,928,119 |
| 13  TCFE INTERNATIONAL CO., LTD. NO. 1102 ROOM, FUGUI BUILDING RONGHUS HOMESTEAD , NO, 635 DONGZHEN RD PUTIAN CITY, FUJIAN CHINA  25 NEWBRIDGE RD., STE 405 HICKSVILLE, NY  11801 | ATTN: BRUCE CAGNER CEO PHONE - 86-516-8646404 EMAIL - BCAGNER@BCNYINTL.COM  ATTN: BRUCE CAGNER CHAIRMAN PHONE - 212-695-5959 EMAIL - BCAGNER@BCNYINTL.COM | TRADE PAYABLE - MERCHANDISE | | | | $  4,652,602 |
| 14  PUTIAN CITY HUI SHENG TRADING CO LTD CHENGXIANG DISTRICT PUTIAN CITY, FUJIAN CHINA | ATTN: DENNIS WENG PHONE - 86-13599023599 EMAIL - DENNIS.WENG@PTWANSHENG.COM | TRADE PAYABLE - MERCHANDISE | | | | $  3,998,072 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | TOPSMART INTERNATIONAL CO., LTD. NO. 31, 3/F WENTANZHUANYAO INDUSTRIAL PARK DONGCHENG DISTRICT DONGGUAN, GUANGDONG CHINA  330 5TH AVE., 11TH FL NEW YORK, NY 10001 | ATTN: GEORGE LIAO GMM PHONE - 1-212-2394530 EMAIL - GEORGE.LIAO@JACKSONBAGS.COM  ATTN: JACKSON LIAO PRESIDENT PHONE - 212-239-4530 EMAIL - JACKSON.LIAO@JACKSONBAGS.COM | TRADE PAYABLE - MERCHANDISE | | | | $  3,890,369 |
| 16 | C & C ACCORD LTD 6F-2, NO. 66 SHIH-CHENG N. 5TH RD., XITUN DIST. TAICHUNG, TAIWAN 407 TAIWAN | ATTN: ANNIE CHANG CFO PHONE - 886-917 224 588 FAX - 886- 4-2254 0976 EMAIL - ANNIE@DIBAFAREAST.COM / ANNIE@DBACCORD.COM | TRADE PAYABLE - MERCHANDISE | | | | $  3,625,442 |
| 17 | ASCENDANT (HONG KONG) TRADE CO LIMITED UNITD, F/3, BAMBOOS CENTRE 52 HONG TO ROAD, KWUN TONG KOWLOON, HONG KONG CHINA | ATTN: MR. LIN GUOFU PHONE - 86-594-2782821 FAX - 86-594.2792540 EMAIL - GUOFU_LIN@KIAOFA.COM | TRADE PAYABLE - MERCHANDISE | | | | $  3,557,601 |
| 18 | MIA WORLDWIDE CO LTD 1F, NO. 370 - 17, SEC. 4 HENAN RD. NANTUN DIST TAICHUNG CITY 40874 TAIWAN  9985 NW 19TH ST. MIAMI, FL 33172 | ATTN: YANG CHIN YUAN CEO PHONE - 886-933-557755 FAX - 886-4-22584158 EMAIL - JOHNNY0696@126.COM  ATTN: RICHARD STRAUSS CEO PHONE - 305-455-2600 EMAIL - RLSTRAUSS@MIASHOES.COM | TRADE PAYABLE - MERCHANDISE | | | | $  3,505,764 |
| 19 | DONGYI SHOES CO LTD SHUANGYUQIANCHEN LUCHENG DISTRICT, WENZHOU 325007 CHINA | ATTN: STEPHEN CHEN PHONE - 86-13968880599 FAX - 86-577-88050111 EMAIL - STEPHEN@DONGYISHOES.COM | TRADE PAYABLE - MERCHANDISE | | | | $  3,165,197 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 20 GLORY CHINA FOOTWEAR CO LIMITED UNIT A B, 6TH FLOOR, FUGUANG BLDG. NO. 567 QIANPU DONGLU XIAMEN, FUJIAN   361008 CHINA  800 N. SEPULVEDA BLVD EL SEGUNDO, CA  90245 | ATTN: JOHN CHAI PHONE - 86-13806020221 FAX - 86-592-82666798 EMAIL - JOHN@GLORY-CHINA.NET  ATTN: JACK SILVERA CEO & FOUNDER PHONE - 310-647-6700 X737 EMAIL - JACKS@DYNASHOE.COM | TRADE PAYABLE - MERCHANDISE | | | | $   2,921,600 |
| 21 KENTH PRODUCTIONS LLC 603 W 50TH ST NEW YORK, NY  10019 | ATTN: MARC SCHNEIDER CEO PHONE - 212-265-1500 EMAIL - MSCHNEIDER@KENNETHCOLE.COM | TRADE PAYABLE - MERCHANDISE | | | | $   2,499,551 |
| 22 EVER SPOTLIGHT LTD. NO.50, NANBEI ROAD THAIPAO CITY CHIAYI TAIWAN | ATTN: MR. KAU HSIU SUNG PRESIDENT PHONE - 86-13850273505 EMAIL - JASON_KUO@SHOEHARVEST.COM | TRADE PAYABLE - MERCHANDISE | | | | $   2,264,404 |
| 23 PEDS LEGWEAR USA INC 9451 NEUVILLE AVENUE HILDEBRAN, NC  28637 | ATTN: MICHAEL PENNER PRESIDENT & CEO PHONE - 514-875-5575 X12 EMAIL - MPENNER@PEDS.COM | TRADE PAYABLE - MERCHANDISE | | | | $   2,246,572 |
| 24 GISH, J. STEPHEN ADDRESS ON FILE | ATTN: GISH, J. STEPHEN PHONE - ON FILE EMAIL - ON FILE | SERP | UNLIQUIDATED | | | $   2,187,354 |
| 25 FIRST SERVICE NETWORKS INC 11333 N. SCOTTSDALE ROAD SUITE 260 SCOTTSDALE, AZ  85254 | ATTN: MICHAEL FERREIRA PRESIDENT PHONE - 480-614-4559 | TRADE PAYABLE - STORE MAINTENANCE | | | | $   2,169,172 |
| 26 FORTUNE CREATION CO. LTD. FUXIANG, NAN-SIR NEW INDUSTRIAL ZONE CHA-SHAN TOWN DONGGUAN, GUANGDONG CHINA | ATTN: HENRY HONG PHONE - 86-13922974456 EMAIL - HENRY@FORTUNECREATION.COM.CN | TRADE PAYABLE - MERCHANDISE | | | | $   2,033,490 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 MARC USA CHICAGO 325 NORTH LA SALLE SUITE 750 CHICAGO, IL 60654 | ATTN: MICHELE FABRIZI PRESIDENT & CEO PHONE - 312-321-9000 FAX - 312-321-1736 EMAIL - CHICAGO@MARCUSA.COM | TRADE PAYABLE - MARKETING | | | | $ 2,025,298 |
| 28 EVERYTHING LEGWEAR LLC 4885 ALPHA RD., STE 125 DALLAS, TX 75244 | ATTN: LISA SIZEMORE PRESIDENT PHONE - 469-374-7600 EMAIL - LISA@ELEGWEAR.COM | TRADE PAYABLE - MERCHAND ISE | | | | $ 1,980,997 |
| 29 SHI INTERNATIONAL CORP 290 DAVIDSON AVE. SOMERSET, NJ 08873 | ATTN: THAI LEE PRESIDENT & CEO PHONE - 888-764-8888 | TRADE PAYABLE - IT | | | | $ 1,830,360 |
| 30 PUTIAN XINLONG FOOTWEAR CO LTD SHUINAN VILLAGE HUANGSHI TOWN, LICHENG PUTIAN CHINA | ATTN: BOBIN LIN PRESIDENT PHONE - 86-13599888853 EMAIL - ROBINLIU@XINLONG.COM.CN | TRADE PAYABLE - MERCHAND ISE | | | | $ 1,686,971 |
| 31 34TH STREET PENN ASSOCIATION LLC C/O JENEL MANAGEMENT CORP 275 MADISON AVENUE SUITE 1100 NEW YORK, NY 10016 SEYFARTH SHAW LLP 620 EIGHTH AVENUE NEW YORK, NY 10018 | ATTN: DAVID DUSHEY CEO PHONE - 212-889-6405 EXT 18 EMAIL - DD@JENEL.NET ATTN: MARC J. GURELL, ESQ. PARTNER PHONE - 212-218-5569 FAX - 212-218-5569 EMAIL - MGURELL@SEYFARTH.COM | LEASE CONTRACT REJECTION | UNLIQUID ATED | | | UNDETERMIN ED |
| 32 AIDER COMPANY LIMITED 9/F XINGHU COMMERCIAL BLDG. NO. 46 OF HU LI DA DAO XIAMEN 361000 CHINA | ATTN: GINA YAO PHONE - 86-13358385236 FAX - 86-592-5691700 EMAIL - GINA@AIDER-XM.COM | TRADE PAYABLE - MERCHAND ISE | | | | $ 1,477,543 |
| 33 SOUTH CHINA SHOES PRODUCTS COMPANY LTD 5 FUNG YIP ST. CHAIWAN HONG KONG | ATTN: MICHELLE TANG PHONE - 852-25056662 FAX - 852-25581196 EMAIL - MICHELLE@SCSHOES.COM.HK | TRADE PAYABLE - MERCHAND ISE | | | | $ 1,459,131 |
| 34 FUQING JIA CHENG TRADING CORPORATION LTD WUDIAN, HONGLU TOWN FUQING, FUJIAN PROVINCE 350301 CHINA | ATTN: KIM LIN PHONE - 86-13115912000 FAX - 86-591-85370793 EMAIL - HF88@FJHF.COM | TRADE PAYABLE - MERCHAND ISE | | | | $ 1,424,104 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 35 | MC SIGN COMPANY 8959 TYLER BLVD MENTOR, OH  44060 | ATTN: PRESIDENT OR GENERAL COUNSEL PHONE - 440-209-6200 FAX - 440-209-6277 EMAIL - SALES@MCSIGN.COM | TRADE PAYABLE - CONSTRUCTION VENDOR | | | | $    1,419,637 |
| 36 | CHAMPION ATHLETICWEAR 1000 EAST HANES MILLS RD. WINSTON-SALEM, NC  27105 | ATTN: DON BURTON MARKETING DIRECTOR PHONE - 336-519-3562 EMAIL - DON.BURTON@HANES.COM | LICENSING AGREEMENT | | | | $    1,414,407 |
| 37 | TAIZHOU BAOLITE SHOES CO LTD MUYUZEGUO TOWN WENLING CITY, ZHEJIANG PROVICE CHINA | ATTN: CAROL CHEN PHONE - 86-13575860808 EMAIL - CAROL@BAOLITE.COM | TRADE PAYABLE - MERCHANDISE | | | | $    1,407,343 |
| 38 | HO WANG TAI GROUP CO LTD NO. 241, PING HIS RD SHALU TOWN TAICHUNG, TAIWAN TAIWAN | ATTN: JOHNSEN WU PHONE - 86-13925830888 EMAIL - JOHNSEN@HEXINTAI.COM | TRADE PAYABLE - MERCHANDISE | | | | $    1,307,816 |
| 39 | COGNIZANT TECHNOLOGY SOLUTIONS US CORP 500 FRANK W. BURR BOULEVARD TEANECK, NJ  07666 | ATTN: PRESIDENT OR GENERAL COUNSEL PHONE - 201-801 0233 FAX - 201-801-0243 EMAIL - INQUIRY@COGNIZANT.COM | TRADE PAYABLE - IT | | | | $    1,293,290 |
| 40 | RACON FOOTWEAR LIMITED NO. 241, PING HIS RD SHALU TOWN, TAICHUNG TAIWAN | ATTN: JOHNSEN WU PHONE - 86-13925830888 EMAIL - JOHNSEN@HEXINTAI.COM | TRADE PAYABLE - MERCHANDISE | | | | $    1,292,525 |
| 41 | E.S. ORIGINALS, INC. ROOM 401, 4/F., TOWER II, SILVERCORD 30 CANTON ROAD TSIMSHATSUI, KOWLOON HONG KONG 440 9TH AVE., 7TH FL NEW YORK, NY  10001 | ATTN: PETER LEWIS PORTIA KHOO PHONE - 852-22428383 FAX - 852-23756363 EMAIL - ESO@BARTERHK.COM ATTN: JOEY SAFDEYE CEO PHONE - 212-845-3511 EMAIL - JSAFDEYE@ESORIGINALS.COM | LICENSING AGREEMENT | | | | $    1,252,736 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 42  TOPLINE IMPORTS INC 13150 SE 32ND STREET BELLEVUE, WA  98005-4436  5216 BARNETT AVE. LONG ISLAND CITY, NY  11104 | ATTN: BRYAN COLLINS PHONE - 425-643-3003 FAX - 425-643-3846 EMAIL - BRYAN_COLLINS@TOPLINECORP.COM  ATTN: EDWARD ROSENFELD CEO PHONE - 718-308-2263 EMAIL - EDROSENFELD@STEVEMADDEN.COM | TRADE PAYABLE - MERCHANDISE | | | | $    1,233,785 |
| 43  U.S. CONTINENTAL MARKETING INC 310 REED CIRCLE CORONA, CA  92879 | ATTN: DAVID WILLIAMS PRESIDENT PHONE - 951-808-8888 X218 EMAIL - DWILLIAMS@USCONTINENTAL.COM | TRADE PAYABLE - MERCHANDISE | | | | $    1,149,564 |
| 44  INTERLOOP LIMITED 633 W. 4TH ST., STE 201 WINSTON-SALEM, NC  27101 | ATTN: SHELLEY RIDER PRESIDENT PHONE - 336-770-1666 EMAIL - SRIDER@IL-NA.COM | TRADE PAYABLE - MERCHANDISE | | | | $    1,146,885 |
| 45  DIBANG SHOES CO. LTD. 30 AREA OF CHINA SHOE CITY WENZHOU CHINA | ATTN: XIE RENXING PRESIDENT PHONE - 86-13806696888 EMAIL - FSD@DIBANGSHOES.COM | TRADE PAYABLE - MERCHANDISE | | | | $    1,143,780 |
| 46  FITRON INDUSTRIES LIMITED 42/F., CENTRAL PLAZA 18 HARBOUR ROAD WAN CHAI HONG KONG  42F CENTRAL PLAZA HONG KONG H0NG KONG | ATTN: EDDY DUMAREY OWNER PHONE - 1-3255335668 FAX - 852-21557443 EMAIL - EDDY.DUMAREY@CORTINA.BE  ATTN: NICK BRAEKMAN COO PHONE - +32 55 33 5696 EMAIL - NICK.BRAEKMAN@CORTINA.BE | TRADE PAYABLE - MERCHANDISE | | | | $    1,132,979 |
| 47  INTER-PACIFIC CORP. 2257 COLBY AVE. LOS ANGELES, CA  90064 | ATTN: FRANK ARNSTEIN CEO PHONE - 310-473-7591 EMAIL - FARNSTEIN@IPCLA.COM | TRADE PAYABLE - MERCHANDISE | | | | $    1,121,258 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 48   KING INDUSTRY CO LTD NO.50, NANBEI ROAD THAIPAO CITY CHIAYI TAIWAN | ATTN: KAU HSIU SUNG PRESIDENT PHONE - 86-13850273505 EMAIL - JASON_KUO@SHOEHARVEST.COM | TRADE PAYABLE - MERCHANDISE | | | | $   1,084,335 |
| 49   SANTANA SHOES 800 N. SEPULVEDA BLVD. EL SEGUNDO, CA  90245 | ATTN: PRESIDENT OR GENERAL COUNSEL PHONE - 310-647-6700 EMAIL - INFO@DYNASHOE.COM | TRADE PAYABLE - MERCHANDISE | | | | $   997,825 |
| 50   PERFORMANCE TEAM FREIGHT SYSTEMS INC 11204 NORWALK BOULEVARD SANTA FE SPRINGS, CA  90670 | ATTN: CLIFF KATAB PRESIDENT PHONE - 562-345-9833 FAX - 562-741-2500 EMAIL - MARKETING@PERFORMANCETEAM.NET | TRADE PAYABLE - FREIGHT | | | | $   869,214 |

Fill in this information to identify the case and this filing:

Debtor Name       Payless ShoeSource, Inc.

United States Bankruptcy Court for the:       Eastern District of Missouri
                                                          (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    Amended Schedule

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐    Other document that requires a declaration_____ List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **04/04/2017** | ☒ */s/ W. Paul Jones* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **W. Paul Jones** |
| | Printed name |
| | **Chief Executive Officer and President** |
| | Position or relationship to debtor |

Official Form 202       **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| PAYLESS SHOESOURCE, INC. | § § | Case No. 17-_____ (___) |
| Debtor. | § § § | |

**LIST OF EQUITY SECURITY HOLDERS**[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Payless ShoeSource, Inc. | Payless Finance, Inc. | 3231 SE Sixth Ave Topeka KS 66607 | 100% |

---

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

Fill in this information to identify the case and this filing:

Debtor Name      Payless ShoeSource, Inc.

United States Bankruptcy Court for the:      Eastern District of Missouri

    (State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration _____ List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**04/04/2017**      ☒ */s/ W. Paul Jones*
MM/ DD/YYYY      Signature of individual signing on behalf of debtor

     **W. Paul Jones**
     Printed name

     **Chief Executive Officer and President**
     Position or relationship to debtor

Official Form 202      Declaration Under Penalty of Perjury for Non-Individual Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| PAYLESS SHOESOURCE, INC. | § | Case No. 17-_____ (____) |
| | § | |
| Debtor. | § | |
| | § | |

**<u>CORPORATE OWNERSHIP STATEMENT</u>**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Payless Finance, Inc. | 100% |

Fill in this information to identify the case and this filing:

Debtor Name         Payless ShoeSource, Inc.

United States Bankruptcy Court for the:                    Eastern District of Missouri
                                                                          (State)
Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ *Other document that requires a declaration_____ Corporate Ownership Statement_____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **04/04/2017** | ☒ */s/ W. Paul Jones* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **W. Paul Jones** |
| | Printed name |
| | **Chief Executive Officer and President** |
| | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS**
**WRITTEN CONSENT IN LIEU OF**
**A SPECIAL MEETING**

April 4, 2017

The undersigned, being the board of directors, board of managers or sole member, as applicable (each, the "Governing Body"), of the applicable entity set forth on Annex A attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions by unanimous written consent, in lieu of a special meeting of such Governing Body, pursuant to (as applicable) the bylaws, limited liability company agreement or similar document (in each case as amended or amended and restated to date) of each Company (the "Governing Document") and the laws of the state of formation of each Company as set forth next to each Company's name on Annex A:

## CHAPTER 11 FILING

WHEREAS, each Governing Body considered presentations by each Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business; and

WHEREAS, each Governing Body discussed the foregoing with the Management and the Advisors and has determined, in the judgment of each Governing Body, that it is in the best interests of each Company, its creditors, and fully considered each of the strategic alternatives available to each Company.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of each Company's affiliates and direct and indirect subsidiaries, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") or other court of competent jurisdiction; and

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, General Counsel, President, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem

necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Company's business.

## COMPANIES' CREDITORS ARRANGEMENT ACT RECOGNITION

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to seek recognition of the Chapter 11 Cases in Canada pursuant to Part IV of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA") in the Ontario Superior Court of Justice (Commercial List).

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Armstrong Teasdale LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Armstrong Teasdale LLP in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Munger, Tolles & Olson LLP, to advise the Company at the direction of the disinterested director of Payless Holdings LLC in connection with conflicts matters; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority, in accordance with applicable law, to retain Munger, Tolles & Olson LLP as counsel to the Company with respect to conflicts matters as directed by the disinterested director;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Osler, Hoskin & Harcourt LLP, as each Company's counsel, to represent and assist each Company in carrying out

2

its duties under the CCAA; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Osler, Hoskin & Harcourt LLP in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Guggenheim Securities, LLC, as each Company's financial advisor and investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Guggenheim Securities, LLC in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as restructuring advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain A&M in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Prime Clerk LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk LLC in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary,

3

appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable; and

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with each Company's chapter 11 case.

## RESTRUCTURING SUPPORT AGREEMENT

WHEREAS, in connection with the Chapter 11 Cases, each Company has negotiated a restructuring support agreement, in form and substance generally similar to that certain restructuring support agreement dated April 4, 2017 (the "Restructuring Support Agreement"), by and among Payless Holdings LLC and its direct and indirect subsidiaries, certain Prepetition First Lien Lenders, and certain Prepetition Second Lien Lenders (as such terms are defined in the Restructuring Support Agreement);

NOW, THEREFORE, BE IT:

RESOLVED, that each Governing Body authorizes the Authorized Officers to take all actions (including, without limitation, to negotiate and execute any agreements, documents and certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases and that each Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

## DEBTOR IN POSSESSION FINANCING

WHEREAS, each of the Companies (except Payless Intermediate Holdings LLC, Collective Brands Logistics, Ltd. and Dynamic Assets Ltd.) proposes to enter that certain DEBTOR-IN-POSSESSION CREDIT AGREEMENT dated as of April [●], 2017 (the "DIP ABL Loan") by and among PAYLESS INC., a Delaware corporation, as a debtor and a debtor-in-possession (the "Lead Borrower"), the other Persons that are named on Schedule 1.01 thereto from time to time, each as a debtor and a debtor-in-possession, WBG – PSS HOLDINGS LLC, a Delaware limited liability company (the "Parent"), the Persons named on Schedule 1.02(a) thereto from time to time, each as a debtor and a debtor-in-possession and the Persons named on Schedule 1.02(b) thereto from time to time, each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), WELLS FARGO BANK, NATIONAL

4

ASSOCIATION, as Collateral Agent and Administrative Agent (in such capacities, the "DIP ABL Agent") and Swing Line Lender;

WHEREAS, each of the Companies (except Payless Intermediate Holdings LLC, , Collective Brands Logistics, Ltd., Dynamic Assets Ltd., Payless ShoeSource Canada, Inc., Payless ShoeSource Canada GP, Inc., Payless ShoeSource Canada, L.P., and Payless ShoeSource of Puerto Rico, Inc.) proposes to enter into that certain SUPERPRIORITY DEBTOR-IN-POSSESSION TERM DIP ABL LOAN dated as of April [●], 2017  (the "DIP Term Loan" and together with the DIP ABL Loan, the "DIP Credit Agreements"), by and among Parent, the Lead Borrower, PAYLESS FINANCE, INC., a Nevada corporation, PAYLESS SHOESOURCE, INC., a Missouri corporation and PAYLESS SHOESOURCE DISTRIBUTION, INC., a Kansas corporation, the Subsidiary Guarantors (as defined therein) from time to time party thereto, CORTLAND PRODUCTS CORP. as administrative agent (the "DIP Term Loan Agent" and together with the DIP ABL Agent, the "DIP Agents") and each of the Lenders (as defined therein) from time to time party thereto;

WHEREAS, the obligation of the Lenders of each of the DIP ABL Loan and the DIP Term Loan to make Loans initially to the Borrowers under the DIP Credit Agreements is subject to each relevant Company having satisfied certain conditions described in the DIP Credit Agreements;

WHEREAS, each Company will obtain benefits from the receipt of the Loans by the Borrowers under the DIP Credit Agreements; and

WHEREAS, each Governing Body hereby deems it advisable and in the best interest of each Company to enter into the DIP Credit Agreements and each agreement, document, instrument.

NOW, THEREFORE BE IT RESOLVED, that the form, terms, and provisions of the DIP Credit Agreements, and the grant of security interests, the borrowings, any guaranties of indebtedness thereunder, and the transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and any Authorized Officer or other officer of each Company is hereby authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreements substantially in the form provided to each Governing Body and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreements, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve; and

5

RESOLVED, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession, to take such actions as in their discretion are determined to be necessary, desirable, or appropriate to execute, deliver, and file (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions, (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in their sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or their execution thereof, (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agents, and (d) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the DIP Agents to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of each Company that either DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agents may reasonably request to perfect the security interests of the DIP Agents under the Financing Documents; and

RESOLVED, that the Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business

6

judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## USE OF CASH COLLATERAL

WHEREAS, in the judgment of each Governing Body, it is desirable and in the best interest of each Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits from the use of cash collateral (as such term is defined in section 363(b) of the Bankruptcy Code), which is security for certain of each Company's secured lenders under that certain Prepetition Credit Agreement, dated as of October 9, 2012, by and among each Company, and the guarantors party thereto, the lenders party thereto (the "Prepetition Secured Lenders"), and WELLS FARGO BANK, NATIONAL ASSOCIATION, as administrative agent;

NOW, THEREFORE, BE IT:

RESOLVED, that the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with each Company's Chapter 11 Cases, which agreement(s) may require each Company to grant adequate protection and liens to each Company's Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

7

RESOLVED, that the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her judgement be necessary, desirable, proper, or advisable, to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof; and

RESOLVED, that each Company is hereby authorized to authorize, and each Company hereby authorizes, any subsidiary of such Corporation of which such Corporation or any subsidiary of such Corporation is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in this written consent.

**GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of each Company, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of each

8

Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each Company, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

*     *     *     *     *

**ANNEX A**

| COMPANY | JURISDICTION |
|---|---|
| Payless Intermediate Holdings LLC | **DELAWARE** |
| WBG-PSS Holdings LLC | **DELAWARE** |
| Payless Inc. | **DELAWARE** |
| Payless Finance, Inc. | **NEVADA** |
| Collective Brands Services, Inc. | **DELAWARE** |
| PSS Delaware Company 4, Inc. | **DELAWARE** |
| Shoe Sourcing, Inc. | **KANSAS** |
| Payless ShoeSource, Inc. | **MISSOURI** |
| Eastborough Inc. | **KANSAS** |
| Payless Purchasing Services, Inc. | **KANSAS** |
| Payless ShoeSource Merchandising, Inc. | **KANSAS** |
| Payless Gold Value CO, Inc. | **COLORADO** |
| Payless ShoeSource Distribution, Inc. | **KANSAS** |
| Payless ShoeSource Worldwide, Inc. | **KANSAS** |
| Payless NYC, Inc. | **KANSAS** |
| Payless ShoeSource of Puerto Rico, Inc. | **PUERTO RICO** |
| Payless Collective GP, LLC | **DELAWARE** |
| Collective Licensing, L.P. | **DELAWARE** |
| Collective Licensing International, LLC | **DELAWARE** |
| Clinch, LLC | **DELAWARE** |
| Collective Brands Franchising Services, LLC | **KANSAS** |
| Payless International Franchising, LLC | **KANSAS** |

| | |
|---|---|
| Collective Brands Logistics, Ltd. | **HONG KONG** |
| Dynamic Assets Ltd. | **HONG KONG** |
| PSS Canada, Inc. | **KANSAS** |
| Payless ShoeSource Canada, Inc. | **FEDERAL (CANADA)** |
| Payless ShoeSource Canada GP, Inc. | **ONTARIO (CANADA)** |
| Payless ShoeSource Canada, L.P. | **ONTARIO (CANADA)** |

**PAYLESS INTERMEDIATE HOLDINGS LLC,**
a Delaware limited liability company

By: _____
Name: W. Paul Jones
Title:  Manager

**WBG – PSS HOLDINGS LLC,**
a Delaware limited liability company

By: _____
Name: W. Paul Jones
Title:  Manager

By: _____
Name: Michael C. Schwindle
Title:  Manager

**PAYLESS INC.,**
a Delaware corporation

By: _____
Name: W. Paul Jones
Title:  Director

By: _____
Name: Michael C. Schwindle
Title:  Director

**PAYLESS FINANCE, INC.,**
a Nevada corporation

By:_____
Name: W. Paul Jones
Title:  Director


By:_____
Name: Michael C. Schwindle
Title:  Director


**COLLECTIVE BRANDS SERVICES, INC.,**
a Delaware corporation


By:_____
Name: Betty J. Click
Title:  Director


By:_____
Name: Michael C. Schwindle
Title:  Director


**PSS DELAWARE COMPANY 4, INC.,**
a Delaware corporation


By:_____
Name: Michael C. Schwindle
Title:  Director


**SHOE SOURCING, INC.,**
a Kansas corporation


By:_____
Name: Michael C. Schwindle
Title:  Director


[Signature Page - Omnibus Written Consent]

**PAYLESS GOLD VALUE CO, INC.,**
a Colorado corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

**PAYLESS SHOESOURCE DISTRIBUTION,
INC.,**
a Kansas corporation

By:_____
Name: Michael A. Vitelli
Title:   Director

By: _____
Name: David Milton
Title:   Director

**PAYLESS SHOESOURCE WORLDWIDE,
INC.,**
a Kansas corporation

By:_____
Name: W. Paul Jones
Title:   Director

By: _____
Name: Michael C. Schwindle
Title:   Director

**PAYLESS NYC, INC.,**
a Kansas corporation

By: _____
Name: David Milton
Title:   Director

[Signature Page - Omnibus Written Consent]

COLLECTIVE LICENSING
INTERNATIONAL, LLC,
a Delaware limited liability company


By:_____
Name: Michael C. Schwindle
Title:  Managing Director

By: _____
Name: Robert M. Carroll
Title:  Managing Director


**CLINCH, LLC**,
a Delaware limited liability company

By: COLLECTIVE LICENSING
      INTERNATIONAL, LLC
Its:  Managing Member


By: _____
Name: Michael C. Schwindle
Title:  Managing Director


**COLLECTIVE BRANDS FRANCHISING
SERVICES, LLC**,
a Kansas limited liability company

By: PAYLESS SHOESOURCE WORLDWIDE,
      INC.
Its:  Managing Member


By: _____
Name: Michael C. Schwindle
Title:  Director

PAYLESS INTERNATIONAL FRANCHISING,
LLC,
a Kansas limited liability company

By: _____

Name: Robert M. Carroll
Title:   Managing Director


**COLLECTIVE BRANDS LOGISTICS,
LIMITED**,
a Hong Kong limited company


By: _____
Name: David Milton
Title:   Director


By: _____
Name: Wang, Tsung-Yuan
Title:   Director


**DYNAMIC ASSETS LIMITED**,
a Hong Kong limited company


By: _____
Name: David Milton
Title:   Director

By: _____
Name: Robert M. Carroll
Title:   Director


By: _____
Name: Wang, Tsung-Yuan
Title:   Director


[Signature Page - Omnibus Written Consent]

PSS CANADA, INC.,
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

**PAYLESS SHOESOURCE CANADA INC.,**
a Canadian federal corporation

By:_____
Name: Michael C. Schwindle
Title:   Director

By: _____
Name: Robert M. Carroll
Title:   Director

By:_____
Name: Carol Perdic
Title:   Director

**PAYLESS SHOESOURCE CANADA GP INC.,**
a Canadian federal corporation

By:_____
Name: Michael C. Schwindle
Title:   Director

By: _____
Name: Robert M. Carroll
Title:   Director

By:_____
Name: Carol Perdic
Title:   Director

[Signature Page - Omnibus Written Consent]

**PAYLESS SHOESOURCE, INC.,**
a Missouri corporation

By:_____
Name: Michael C. Schwindle
Title:   Director

By: _____
Name: Neil G. Hansen
Title:   Director

**EASTBOROUGH, INC.,**
a Kansas corporation

By: _____
Name: Bruce Pryor
Title:   Director

**PAYLESS PURCHASING SERVICES, INC.,**
a Kansas corporation

By:_____
Name: Michael C. Schwindle
Title:   Director

By: _____
Name: Rex Tessendorf
Title:   Director

**PAYLESS SHOESOURCE
MERCHANDISING, INC.,**
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

[Signature Page - Omnibus Written Consent]

**PAYLESS SHOESOURCE, INC.,**
a Missouri corporation

By:_____
Name: Michael C. Schwindle
Title:  Director

By:_____
Name: Neil G. Hansen
Title:  Director

**EASTBOROUGH, INC.,**
a Kansas corporation

By: _____
Name: Bruce Pryor
Title:  Director

**PAYLESS PURCHASING SERVICES, INC.,**
a Kansas corporation

By:_____
Name: Michael C. Schwindle
Title:  Director

By: _____
Name: Rex Tessendorf
Title:  Director

**PAYLESS SHOESOURCE
MERCHANDISING, INC.,**
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:  Director

PAYLESS FINANCE, INC.,
a Nevada corporation

By:_____
Name: W. Paul Jones
Title:   Director


By: _____
Name: Michael C. Schwindle
Title:   Director


**COLLECTIVE BRANDS SERVICES, INC.,**
a Delaware corporation

By:_____
Name: Betty J. Click
Title:   Director


By: _____
Name: Michael C. Schwindle
Title:   Director


**PSS DELAWARE COMPANY 4, INC.,**
a Delaware corporation


By: _____
Name: Michael C. Schwindle
Title:   Director


**SHOE SOURCING, INC.,**
a Kansas corporation


By: _____
Name: Michael C. Schwindle
Title:   Director


[Signature Page - Omnibus Written Consent]

**PAYLESS GOLD VALUE CO, INC.,**
a Colorado corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

**PAYLESS SHOESOURCE DISTRIBUTION, INC.,**
a Kansas corporation

By: _____
Name: Michael A. Vitelli
Title:   Director

By: _____
Name: David Milton
Title:   Director

**PAYLESS SHOESOURCE WORLDWIDE, INC.,**
a Kansas corporation

By:_____
Name: W. Paul Jones
Title:   Director

By: _____
Name: Michael C. Schwindle
Title:   Director

**PAYLESS NYC, INC.,**
a Kansas corporation

By: _____
Name: David Milton
Title:   Director

[Signature Page - Omnibus Written Consent]

PAYLESS SHOESOURCE, INC.,
a Missouri corporation

By:_____
Name: Michael C. Schwindle
Title:   Director

By: _____
Name: Neil G. Hansen
Title:   Director

**EASTBOROUGH, INC.,**
a Kansas corporation

By: _____
Name: Bruce Pryor
Title:   Director

**PAYLESS PURCHASING SERVICES, INC.,**
a Kansas corporation

By:_____
Name: Michael C. Schwindle
Title:   Director

By: _____
Name: Rex Tessendorf
Title:   Director

**PAYLESS SHOESOURCE
MERCHANDISING, INC.,**
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

[Signature Page - Omnibus Written Consent]

**PAYLESS GOLD VALUE CO, INC.,**
a Colorado corporation


By: _____
Name: Michael C. Schwindle
Title:   Director


**PAYLESS SHOESOURCE DISTRIBUTION,
INC.,**
a Kansas corporation


By:_____
Name: Michael A. Vitelli
Title:   Director


By: _____
Name: David Milton
Title:   Director


**PAYLESS SHOESOURCE WORLDWIDE,
INC.,**
a Kansas corporation


By:_____
Name: W. Paul Jones
Title:   Director


By: _____
Name: Michael C. Schwindle
Title:   Director


**PAYLESS NYC, INC.,**
a Kansas corporation


By: _____
Name: David Milton
Title:   Director


[Signature Page - Omnibus Written Consent]

**PAYLESS INTERNATIONAL FRANCHISING, LLC,**
a Kansas limited liability company


By: _____
Name: Robert M. Carroll
Title:  Managing Director


**COLLECTIVE BRANDS LOGISTICS, LIMITED,**
a Hong Kong limited company


By: _____
Name: David Milton
Title:  Director


By: _____
Name: Wang, Tsung-Yuan
Title:  Director


**DYNAMIC ASSETS LIMITED,**
a Hong Kong limited company


By: _____
Name: David Milton
Title:  Director


By: _____
Name: Robert M. Carroll
Title:  Director


By: _____
Name: Wang, Tsung-Yuan
Title:  Director


[Signature Page - Omnibus Written Consent]

**PAYLESS INTERMEDIATE HOLDINGS LLC,**
a Delaware limited liability company

By: _____
Name: W. Paul Jones
Title:  Manager

**WBG – PSS HOLDINGS LLC,**
a Delaware limited liability company

By:_____
Name: W. Paul Jones
Title:  Manager

By: _____
Name: Michael C. Schwindle
Title:  Manager

**PAYLESS INC.,**
a Delaware corporation

By:_____
Name: W. Paul Jones
Title:  Director

By: _____
Name: Michael C. Schwindle
Title:  Director

**PAYLESS FINANCE, INC.,**
a Nevada corporation

By:_____
Name: W. Paul Jones
Title:   Director

By: _____
Name: Michael C. Schwindle
Title:   Director

**COLLECTIVE BRANDS SERVICES, INC.,**
a Delaware corporation

By:_____
Name: Betty J. Click
Title:   Director

By: _____
Name: Michael C. Schwindle
Title:   Director

**PSS DELAWARE COMPANY 4, INC.,**
a Delaware corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

**SHOE SOURCING, INC.,**
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

[Signature Page - Omnibus Written Consent]

**PAYLESS SHOESOURCE, INC.,**
a Missouri corporation

By: _____
Name: Michael C. Schwindle
Title:  Director


By: _____
Name: Neil G. Hansen
Title:  Director


**EASTBOROUGH, INC.,**
a Kansas corporation


By: _____
Name: Bruce Pryor
Title:  Director


**PAYLESS PURCHASING SERVICES, INC.,**
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:  Director


By: _____
Name: Rex Tessendorf
Title:  Director


**PAYLESS SHOESOURCE
MERCHANDISING, INC.,**
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:  Director


[Signature Page - Omnibus Written Consent]

**PAYLESS GOLD VALUE CO, INC.,**
a Colorado corporation

By: _____
Name: Michael C. Schwindle
Title:  Director

**PAYLESS SHOESOURCE DISTRIBUTION, INC.,**
a Kansas corporation

By: _____
Name: Michael A. Vitelli
Title:  Director

By: _____
Name: David Milton
Title:  Director

**PAYLESS SHOESOURCE WORLDWIDE, INC.,**
a Kansas corporation

By: _____
Name: W. Paul Jones
Title:  Director

By: _____
Name: Michael C. Schwindle
Title:  Director

**PAYLESS NYC, INC.,**
a Kansas corporation

By: _____
Name: David Milton
Title:  Director

[Signature Page - Omnibus Written Consent]

**COLLECTIVE LICENSING
INTERNATIONAL, LLC,**
a Delaware limited liability company

By: _____
Name: Michael C. Schwindle
Title:  Managing Director


By: _____
Name: Robert M. Carroll
Title:  Managing Director


**CLINCH, LLC,**
a Delaware limited liability company

By: COLLECTIVE LICENSING
     INTERNATIONAL, LLC
Its: Managing Member


By: _____
Name: Michael C. Schwindle
Title:  Managing Director


**COLLECTIVE BRANDS FRANCHISING
SERVICES, LLC,**
a Kansas limited liability company

By: PAYLESS SHOESOURCE WORLDWIDE,
     INC.
Its: Managing Member


By: _____
Name: Michael C. Schwindle
Title:  Director


[Signature Page - Omnibus Written Consent]

**PAYLESS SHOESOURCE OF PUERTO RICO, INC.,**
a Puerto Rico corporation

By: _____
Name: Michael C. Schwindle
Title:   Director


**PAYLESS COLLECTIVE GP, LLC**,
a Delaware limited liability company

By: PAYLESS SHOESOURCE WORLDWIDE, INC.
Its:  Managing Member

By: _____
Name: Michael C. Schwindle
Title:  Director


**COLLECTIVE LICENSING, LP**,
a Delaware limited partnership

By: PAYLESS COLLECTIVE GP, LLC
Its:  General Partner

By: PAYLESS SHOESOURCE WORLDWIDE, INC.
Its:  Limited Partner

By: _____
Name: Michael C. Schwindle
Title:   Director

[Signature Page - Omnibus Written Consent]

**PSS CANADA, INC.,**
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:  Director


**PAYLESS SHOESOURCE CANADA INC.,**
a Canadian federal corporation

By: _____
Name: Michael C. Schwindle
Title:  Director


By: _____
Name: Robert M. Carroll
Title:  Director


By: _____
Name: Carol Perdic
Title:  Director


**PAYLESS SHOESOURCE CANADA GP INC.,**
a Canadian federal corporation

By: _____
Name: Michael C. Schwindle
Title:  Director


By: _____
Name: Robert M. Carroll
Title:  Director


By: _____
Name: Carol Perdic
Title:  Director


[Signature Page - Omnibus Written Consent]

**PAYLESS SHOESOURCE CANADA LP,**
a Canadian limited partnership

By: PAYLESS SHOESOURCE CANADA GP
    INC.
Its: General Partner

By: _____
    Name: Michael C. Schwindle
    Title:  Vice President and Treasurer

PAYLESS INTERNATIONAL FRANCHISING,
LLC,
a Kansas limited liability company

By: _____
Name: Robert M. Carroll
Title:   Managing Director

**COLLECTIVE BRANDS LOGISTICS,
LIMITED,**
a Hong Kong limited company

By: _____
Name: David Milton
Title:   Director

By: _____
Name: Wang, Tsung-Yuan
Title:   Director

**DYNAMIC ASSETS LIMITED,**
a Hong Kong limited company

By: _____
Name: David Milton
Title:   Director

By: _____
Name: Robert M. Carroll
Title:   Director

By: _____
Name: Wang, Tsung-Yuan
Title:   Director

[Signature Page - Omnibus Written Consent]

PSS CANADA, INC.,
a Kansas corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

PAYLESS SHOESOURCE CANADA INC.,
a Canadian federal corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

By: _____
Name: Robert M. Carroll
Title:   Director

By: _____
Name: Carol Perdic
Title:   Director

PAYLESS SHOESOURCE CANADA GP INC.,
a Canadian federal corporation

By: _____
Name: Michael C. Schwindle
Title:   Director

By: _____
Name: Robert M. Carroll
Title:   Director

By: _____
Name: Carol Perdic
Title:   Director

[Signature Page - Omnibus Written Consent]

**IN WITNESS WHEREOF**, the undersigned, being the board of directors of each of Payless ShoeSource Canada GP Inc., acting in its own capacity and acting separately as the general partner of Payless ShoeSource Canada LP, and Payless ShoeSource Canada Inc., each a Canadian federal corporation, have adopted these resolutions in accordance with the *Canada Business Corporations Act* as of the date first written above.

_____
Robert M. Carroll

_____
Carol Perdic

_____
Michael C. Schwindle

[SIGNATURE PAGE – PAYLESS SHOESOURCE CANADA OMNIBUS RESOLUTIONS]

**IN WITNESS WHEREOF,** the undersigned, being the board of directors of each of Payless ShoeSource Canada GP Inc., acting in its own capacity and acting separately as the general partner of Payless ShoeSource Canada LP, and Payless ShoeSource Canada Inc., each a Canadian federal corporation, have adopted these resolutions in accordance with the *Canada Business Corporations Act* as of the date first written above.

_____
Robert M. Carroll

_____
Carol Perdic

_____
Michael C. Schwindle

**IN WITNESS WHEREOF**, the undersigned, being the board of directors of each of Payless ShoeSource Canada GP Inc., acting in its own capacity and acting separately as the general partner of Payless ShoeSource Canada LP, and Payless ShoeSource Canada Inc., each a Canadian federal corporation, have adopted these resolutions in accordance with the *Canada Business Corporations Act* as of the date first written above.

_____
Robert M. Carroll


_____
Carol Perdic


_____
Michael C. Schwindle

**IN WITNESS WHEREOF**, the undersigned, being the sole limited partner of Payless ShoeSource Canada LP has consented to these resolutions as of the date first written above.

**PAYLESS SHOESOURCE CANADA INC.**

By: _____

Name: Robert M. Carroll

Title:   Vice President and Secretary

[SIGNATURE PAGE – PAYLESS SHOESOURCE CANADA OMNIBUS RESOLUTIONS]

**IN WITNESS WHEREOF**, the undersigned, being the board of directors of Lifestyle Brands Corporation, a Nova Scotia company, have adopted these resolutions in accordance with the *Companies Act* (Nova Scotia) as of the date first written above.

_____
Robert M. Carroll

_____
Michael C. Schwindle

**IN WITNESS WHEREOF**, the undersigned, being the board of directors of Lifestyle Brands Corporation, a Nova Scotia company, have adopted these resolutions in accordance with the *Companies Act* (Nova Scotia) as of the date first written above.

_____
Robert M. Carroll

_____
Michael C. Schwindle

## ANNEX A

| COMPANY | JURISDICTION |
|---|:---:|
| Payless Intermediate Holdings LLC | **DELAWARE** |
| WBG-PSS Holdings LLC | **DELAWARE** |
| Payless Inc. | **DELAWARE** |
| Payless Finance, Inc. | **NEVADA** |
| Collective Brands Services, Inc. | **DELAWARE** |
| PSS Delaware Company 4, Inc. | **DELAWARE** |
| Shoe Sourcing, Inc. | **KANSAS** |
| Payless ShoeSource, Inc. | **MISSOURI** |
| Eastborough Inc. | **KANSAS** |
| Payless Purchasing Services, Inc. | **KANSAS** |
| Payless ShoeSource Merchandising, Inc. | **KANSAS** |
| Payless Gold Value CO, Inc. | **COLORADO** |
| Payless ShoeSource Distribution, Inc. | **KANSAS** |
| Payless ShoeSource Worldwide, Inc. | **KANSAS** |
| Payless NYC, Inc. | **KANSAS** |
| Payless ShoeSource of Puerto Rico, Inc. | **PUERTO RICO** |
| Payless Collective GP, LLC | **DELAWARE** |
| Collective Licensing, L.P. | **DELAWARE** |
| Collective Licensing International, LLC | **DELAWARE** |
| Clinch, LLC | **DELAWARE** |
| Collective Brands Franchising Services, LLC | **KANSAS** |
| Payless International Franchising, LLC | **KANSAS** |

| | |
|---|---|
| Collective Brands Logistics, Ltd. | **HONG KONG** |
| Dynamic Assets Ltd. | **HONG KONG** |
| PSS Canada, Inc. | **KANSAS** |
| Payless ShoeSource Canada, Inc. | **FEDERAL (CANADA)** |
| Payless ShoeSource Canada GP, Inc. | **ONTARIO (CANADA)** |
| Payless ShoeSource Canada, L.P. | **ONTARIO (CANADA)** |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PAYLESS SHOESOURCE INC., | ) Case No. [_____] (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**Verification of Creditor Matrix**

The above named debtors and debtors in possession (collectively, the "Debtors") hereby certify under penalty of perjury that the attached list containing the names and addresses of the creditors (Matrix), consisting of approximately 6371 pages is true, correct and complete.


_____/s/Michael Schwindle_____
Name: Michael Schwindle
Title: President
*On behalf of the Debtors and Debtors in Possession*

Dated: _____04/04/2017_____

**(L.F. 2 Rev. 05/03)**