UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 17-42267 (659) |
| | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*,[1] | |
| | (Joint Administration Requested) |
| Debtors. | Hearing Date:  April 5, 2017 |
| | Hearing Time:  1:30 P.M. |
| | Hearing Location:  Courtroom 7 North |

**DEBTORS' MOTION SEEKING
ENTRY OF AN ORDER (I) ESTABLISHING
CERTAIN NOTICE, CASE MANAGEMENT, AND
ADMINISTRATIVE PROCEDURES, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[2]

---

[1] The Debtors (as defined herein) in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [N/A]; WBG-PSS Holdings LLC [N/A]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [N/A]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; Collective Brands Logistics, Limited [6466]; Dynamic Assets Limited [1978]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179].  The location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is:  c/o Payless ShoeSource, Inc., 3231 SE 6th Avenue, Topeka, KS 66607, United States.

[2] The facts and circumstances supporting this Motion are set forth in the *Declaration of Michael Schwindle in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

## Relief Requested[3]

1.  By this Motion, and pursuant to sections 102(1), 105(a), and 105(d) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(c), 2002(m), 9006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9004(C) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules"), the Debtors seek entry of an order (the "Proposed Order")[4] (a) approving and implementing certain notice, case management, and administrative procedures (the "Case Management Procedures"); and (b) granting related relief.

## Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.  The Debtors and their non-Debtor affiliates (together, the "Company"), comprise the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices. The Company has more than 4,000 stores in

---

[3] Capitalized terms used but not immediately or otherwise defined in this Motion shall have the meanings ascribed to such terms elsewhere in this Motion or in the First Day Declaration, as applicable.

[4] A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at https://cases.primeclerk.com/payless.

2

more than 30 countries. The Debtors are headquartered in Topeka, Kansas, but their operations are extensive and span across Asia, the Middle East, Latin America, Europe, and the United States.

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no committees have been appointed or designated.

**Proposed Case Management Procedures**

6. The proposed Case Management Procedures, among other things:

(i) establish requirements for the filing and service of notices, motions, applications, documents filed in support thereof and objections and responses thereto;

(ii) delineate standards for notices of hearings and agendas;

(iii) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines;

(iv) authorize service of documents by e-mail on certain parties in interest;

(v) establish a website (the "Case Website") to provide interested parties with access to certain documents filed in the chapter 11 cases; and

(vi) authorize use of a noticing agent to maintain and distribute documents.

7. The Debtors respectfully request that to the extent the Case Management Procedures conflict with the Bankruptcy Rules, the Local Bankruptcy Rules, or the Procedures

3

Manual accompanying the Local Bankruptcy Rules (the "Procedures Manual"), the Case Management Procedures govern and supersede such rules for these chapter 11 cases.

8.  Given the size and complexity of these chapter 11 cases, the Debtors believe that implementing the Case Management Procedures will facilitate the fair and efficient administration of these cases and promote judicial economy. Specifically, the proposed Case Management Procedures will benefit the Debtors, the Court, and all parties in interest by, among other things:

>  (i) reducing the need for emergency hearings and requests for expedited relief;
>
>  (ii) providing for omnibus hearings for the Court to consider motions, pleadings, applications, objections, and responses thereto;
>
>  (iii) fostering consensual resolution of important matters;
>
>  (iv) assuring prompt and appropriate notice of matters affecting parties' interests;
>
>  (v) allowing for electronic notice pursuant to the Court's electronic filing system;
>
>  (vi) providing ample opportunity to parties in interest to prepare for and respond to matters before the Court;
>
>  (vii) reducing the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these chapter 11 cases; and
>
>  (viii) reducing the administrative burdens on the Court and the clerk of the Court.

9.  To ensure that parties in interest in these chapter 11 cases are made aware of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management Procedures on the Master Service List, as defined under Local Bankruptcy Rule 9013-3; (b) publish the Case Management Procedures on the Debtors' Case Website at https://cases.primeclerk.com/payless; and (c) make the Case Management Procedures readily

4

available on request to the Debtors' proposed notice and claims agent, Prime Clerk LLC ("Prime Clerk").

10. The Debtors propose that the Court approve the following Case Management Procedures:

**I.     Filing Court Documents**

11. In accordance with Local Bankruptcy Rule 5005-A, all motions, applications and other matters requiring notice and/or a hearing (collectively, the "Motions"), all objections and responses to Motions (the "Objections"), all replies to Objections (the "Replies") and all other documents filed with the Court (together with the Motions, the Objections and the Replies, the "Court Documents") by parties represented by an attorney shall be filed electronically with the Court by registered users of the Court's Electronic Case Files system (the "ECF System").

**II.    Service of Court Documents**

12. Except with respect to Non-ECF Parties, Core Parties and Particularized Interest Parties (each as defined below), all parties in interest, whether or not they have filed or file after the date hereof a notice of appearance or request for service of papers under Bankruptcy Rule 2002, shall be deemed to receive electronic notice through the ECF System of each Court Document filed with the Court, effective as of the date such Court Document is posted on the Court's ECF System, and therefore need not be separately served with such Court Document.

13. Any party in interest who files a notice of appearance or request for service of papers, in each case other than through the ECF System (each, a "Non-ECF Party"), shall be served each Court Document by U.S. mail or email (if an email address has been provided), unless the Non-ECF Party agrees that such service shall not be required.

14. Each Court Document shall be served separately by the ECF System on: (a) proposed counsel to the Debtors, Kirkland & Ellis LLP; (b) local counsel to the Debtors,

5

Armstrong Teasdale, LLP; (c) the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee"); (d) counsel to any official committee of unsecured creditors then appointed in these cases; (e) the Debtors' authorized claims and noticing agent, Prime Clerk LLC; (f) counsel to the Prepetition ABL Agent; (g) counsel to certain Prepetition ABL Lenders; (h) counsel to the Prepetition First Lien Term Loan Steering Committee; (i) counsel to the Prepetition Second Lien Term Loan Agent; (j) counsel to the DIP Agent; and (k) counsel to the Tranche A-1 Agent (collectively, the "Core Parties"). The Debtors shall maintain a service list of all the Core Parties (the "Core Parties List") which shall replace the Master Service and Master Notice List required under Local Bankruptcy Rule 9013-3(D).

15. Each Court Document shall also be served (in addition to service via the ECF System) on each person, entity and governmental agency with a particularized interest in such Court Document (each, a "Particularized Interest Party"). Core Parties (and no other parties) shall be authorized to serve all Court Documents by e-mail on any relevant Particularized Interest Party or counsel thereto. All other parties shall serve Court Documents on Particularized Interest Parties in accordance with judicial order, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

16. All Court Documents served by a party by e-mail (other than through the ECF System) shall include access to an attached file or files containing the entire Court Document, including the proposed form of order and any exhibits and attachments, in PDF format or, in the case of the Debtors, a hyperlink to a copy of such Court Document on the Case Website. Notwithstanding the foregoing, if a Court Document cannot be annexed to an e-mail (because of size, technical difficulties or otherwise) and, in the case of the Debtors, cannot be made available on the Case Website, the serving party may, in its sole discretion, (a) serve the entire Court

6

Document by U.S. mail, hand delivery, overnight delivery or facsimile, including the proposed form of order and any exhibits, attachments and other relevant materials or (b) serve by e-mail a notice stating that the Court Document cannot be attached but is available on the Court's ECF System and will be mailed only if requested by the party receiving the notice.

17. Service of a Court Document through the ECF System shall be effective as of the date such Court Document is posted on the Court's ECF System. Service by e-mail (other than through the ECF System) on a party shall be effective as of the date the Court Document (or a notice stating that the Court Document cannot be attached but is available on the Court's ECF System or the Case Website) is transmitted by e-mail to the address provided by such party.

18. Upon the filing of any Court Document, other than a Motion seeking emergency or expedited relief, the filing party shall file with the Court either an affidavit of service or a certificate of service (each, a "Proof of Service") in accordance with the Local Bankruptcy Rules and the proposed order within three business days of the filing of the related Court Document. In the case of a Motion seeking emergency or expedited relief, a Proof of Service must be filed within 24 hours of the filing of the related Motion. Proofs of Service need not be served on any party.

19. Notice and service accomplished in accordance with the provisions set forth in the Case Management Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

### III. Scheduling of Hearings and Deadlines for Filing Court Documents

20. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Motions and other requests for relief shall be heard. At least two (2) days before any Omnibus Hearing, the Debtors shall file with the Court an agenda setting forth each matter to be heard at such hearing, which agenda may be

updated or amended from time to time thereafter to the extent necessary. The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Proofs of Service.

21. Unless otherwise ordered by the Court, the following guidelines shall apply to all Omnibus Hearings:

(i) Motions shall not be considered by the Court unless filed and served in accordance with these Case Management Procedures at least 14 days before the next available Omnibus Hearing.

(ii) Hearings in connection with claims objections, pre-trial conferences, trials related to adversary proceedings, and requests for relief on an expedited basis may be scheduled for dates other than the regular Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint, except as otherwise ordered by the Court.

(iii) Unless the Court directs otherwise, if a Court Document purports to set a hearing date that is inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for the next available Omnibus Hearing in accordance with these Case Management Procedures, and the Debtors shall provide the movant with notice of these Case Management Procedures.

(iv) Subject to Local Bankruptcy Rules 9013-2(C) and (D), if a movant or applicant other than the Debtors intends to seek emergency or expedited relief, the movant or applicant shall be required to first contact the Debtors' attorneys by telephone to request that the motion or application be considered on an expedited basis. If the Debtors disagree with the movant or applicant's request for emergency or expedited relief, the movant or applicant shall arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys and the movant or applicant, to discuss the request. If the Court determines expedited consideration is appropriate, the Court shall direct the requisite notice and shall set a time and date for the hearing.

8

22. The three-day extension for additional time after service by mail as set forth in Bankruptcy Rule 9006(f) shall not apply to parties duly served by e-mail, the ECF System or other electronic transmission.

23. Notwithstanding any Local Bankruptcy Rule, unless otherwise ordered by the Court, the deadline for any party to file an Objection (the "Objection Deadline") to any Motion shall be the date that is seven (7) days before the date of the hearing on such Motion. The Objection Deadline may be extended with the consent of the movant or applicant. No Objection shall be considered timely unless filed with the Court and served on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number and e-mail address in the signature block on the last page of the Objection.

24. A Motion may be granted without a hearing, provided that, after the passage of the Objection Deadline, an attorney for the entity who filed the Motion files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures.

25. If an Objection is filed, then unless otherwise ordered by the Court, any Reply shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (prevailing Central Time) on the date that is one day before the date of the applicable hearing (the "Reply Deadline").

26. The Debtors are permitted to file omnibus responses to objections.

27. In the event that a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing. In the event that the Court determines that the notice of the dispute and the hearing is an adequate notice of the effects of the settlement (*i.e.*,

9

that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

28. If a Motion to extend the time for the Debtors to take any action is filed consistent with any order granting this Motion before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, such period shall be extended by the filing of such motion pending the Court's ruling on such motion.

29. Unless otherwise ordered by the Court, the Case Management Procedures shall not supersede the requirements for notice of the proceedings described in Bankruptcy Rules 2002(a)(1), (a)(4)–(a)(5) and (a)(7)-(a)(8), 2002(b), and 2002(f).

**IV.    Motions for Relief from the Automatic Stay**

30. In accordance with Local Bankruptcy Rule 4001-1(B), notwithstanding anything contained herein, unless otherwise ordered by the Court, a motion for relief from the automatic stay (a "Stay Relief Motion") filed by any party other than the Debtors pursuant to section 362 of the Bankruptcy Code shall ordinarily be set for an Omnibus Hearing giving a minimum of 21 days' notice, and the Objection Deadline for such Motion shall be seven days before the scheduled hearing.

31. Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled Stay Relief Motion with respect to a request for relief by a party other than the Debtors under section 362(d) of the Bankruptcy Code is set for a hearing to take place on a date that is more than 30 days from the date of such Stay Relief Motion, or if such Stay Relief Motion is adjourned upon the consent of the Debtors and the moving party to a date that is more than 30 days from the date of such Stay Relief Motion, the moving party shall be deemed to have consented to the

continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code; *provided, however*, to the extent there is any inconsistency between the Case Management Procedures and the terms of the Court's order approving the Debtors' entry into a postpetition financing agreement and use of cash collateral (the "DIP Order"), the terms of the DIP Order shall control.

**V.    Form of Court Documents**

32.    Notwithstanding section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), notices given by the Debtors shall not be required to contain the address and taxpayer identification numbers of the Debtors.

33.    The page limitation set forth in Local Bankruptcy Rule 9004(C) shall not apply to Court Documents filed in these cases.

34.    Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Court Document filed in these cases. If the Debtors seek approval of or authorization from the Court to assume, reject, enter into, approve, honor or assign any agreement, including contracts, leases, financing agreements, settlement agreements, consent orders and any other arrangement or instrument of any kind, or if the Debtors are otherwise required to refer to the terms or provisions of any such instrument in a Court Document, and such instrument contains confidential or proprietary information, the Debtors need not file such instrument with the Court unless requested to do so by the Court or a party in

interest, and the Debtors shall be entitled at the time of such request, and before filing such instruments, to seek relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 with respect to such instrument.

## VI. Proposed Orders

35. A proposed order relating to any Court Document shall be submitted to the Court by email immediately after the filing of the applicable Court Document. No proposed orders may be filed on the Court record. Additionally, a proposed order may be e-mailed to paylessinfo@PrimeClerk.com immediately after the filing of the applicable Court Document for posting on the Debtors' Case Website. The e-mail shall attach the proposed order and the as-filed Court Document in PDF format, and the subject line of the email message shall include the title and ECF docket number of the applicable Court Document. The applicable Court Document that seeks entry of such proposed order shall include the following statement: "A copy of the proposed order granting the relief requested herein may be found at https://cases.primeclerk.com/payless." Proposed orders that have been properly submitted in accordance herewith will be posted on the Debtors' Case Website at https://cases.primeclerk.com/payless.

36. The title of any proposed order shall describe the Court Document to which it relates by title and shall indicate whether the order grants or denies the requested relief. The text of the proposed order shall (i) be sufficiently descriptive to clearly state the relief granted, including a description of any property subject to the order; and (ii) contain the name and address of the person who prepared the order. Parties shall also e-mail the final version of the proposed order to the Court, as provided in the Court's Procedures Manual. Serving a proposed order in accordance with these Case Management Procedures will be deemed to satisfy the requirements

of Local Bankruptcy Rules 9050 and 9061(E). Final orders entered in these cases shall be served on Core Parties and Particularized Interest Parties by the party submitting the proposed order.

### VII. Telephonic Appearances

37. Attorneys for parties in the Debtors' Cases may appear telephonically at hearings. If an attorney wishes to participate in a hearing by telephone, the attorney may request dial-in information from the Courtroom Deputy, John Howley Jr., at (314) 244-4848, john_howley@moeb.uscourts.gov. Non-attorneys, including pro se parties, members of the public, and members of the press, and attorneys who have not entered an appearance in the Debtors' Cases, may not use the Court's dial-in; however, all persons, whether a party or otherwise, are welcome to attend any hearing, in-person, in the courtroom. Locally located counsel may not use the Court's dial-in unless physically outside the District at the time of the hearing. Attorneys participating by telephone must put their phones on "mute" at all times except when speaking. Attorneys participating by telephone shall not put their telephones on "hold" under any circumstances or otherwise be "absent" from their telephonic appearance. If an attorney must exit his telephonic appearance, he must seek Court authority to leave and disconnect from the telephone call. ***If the telephonic appearances present any background noise, disruption or other inconvenience to the Court or the proceedings, the telephone dial-in will be disconnected, at the discretion of the Court, and the proceeding will continue without the presence of anyone previously dialed-in***.

### VIII. Noticing Agent and Case Information Web Site

38. The Debtors, in cooperation with Prime Clerk LLC (the "<u>Noticing Agent</u>"), are hereby authorized to create and maintain an independent Case Website for the posting of certain information regarding the chapter 11 cases, including, in the Debtors' sole discretion, certain

13

orders, decisions or other Court Documents filed in the chapter 11 cases. The Court's website, www.moeb.uscourts.gov, may include a link to the Case Website.

     39.    The Case Website may display a disclaimer substantially similar to the following:

> This website is created and maintained by Prime Clerk LLC ("Prime Clerk"), the claims and noticing agent for Payless Holdings LLC and certain of its subsidiaries (collectively, the "Debtors"). The information contained on this website is provided for informational purposes only and should not be construed as legal, financial or other professional advice or, unless expressly stated, as the Debtors' or Prime Clerk's official position on any subject matter. Users of this website should not take or refrain from taking any action based upon content included in the website without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney.
>
> The Debtors and Prime Clerk do not guarantee or warrant the accuracy, completeness or currency of the information that is provided herein, and shall not be liable to you for any loss or injury arising out of, or caused in whole or in part by, the acts, errors or omissions of the Debtors or Prime Clerk, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained on this website. The Debtors and Prime Clerk expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify you or any third party, should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or Prime Clerk be liable to you or any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or Prime Clerk are advised of the possibility of such damages. This website should not be relied on as a substitute for financial, legal or other professional advice.
>
> It is your sole obligation to maintain accurate records of the documents filed in the chapter 11 cases, based on the Court's dockets relating to the chapter 11 cases, which can be accessed through the Court's website at www.moeb.uscourts.gov (a PACER login and password are needed to view these documents and can be obtained at http://pacer.psc.uscourts.gov). The Debtors' website is being made available merely as a convenience to interested parties and the public.

14

> Electronic mail or other communications through this website, or otherwise, to the Debtors, their counsel, or Prime Clerk in connection with these, or other, matters will not be treated as privileged or confidential. Transmission and receipt of the information in this website and/or communication with the Debtors or Debtors' counsel via e-mail is not intended to solicit or create, and does not create, an attorney-client relationship between Debtors' counsel and any person or entity. The Debtors and Prime Clerk do not endorse or warrant, and are not responsible for, any third-party content that may be accessed from this website.
>
> The Debtors and Prime Clerk make no claim to original U.S. Government works. None of the Debtors, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors or agents (acting in such capacity), including Prime Clerk (collectively, the "Exculpated Parties"), shall have or incur any liability to any entity, (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code), for any act taken or omitted to be taken in connection with the preparation, dissemination or implementation of this website; *provided, however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission, is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidential agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

40. The Noticing Agent shall maintain a master list containing the name and address of each creditor of the Debtors (the "Creditor Matrix"). The Debtors shall file with the Court the Creditor Matrix and, on a periodic basis, any amendments thereto.

## IX. Amendments and Notice of Order

41. The Debtors may seek to amend the Case Management Procedures occasionally throughout the chapter 11 cases and shall present such amendments to the Court by Motion in accordance with the Proposed Order.

15

42. The Debtors shall make the Proposed Order available on the Case Website, and, within two days after its entry, serve it by U.S. mail, hand delivery, facsimile or e-mail on the Core Parties and all parties that, prior to the date of the entry of the Proposed Order, have requested notice pursuant to Bankruptcy Rule 2002.

**X.    Time**

43. Any time period prescribed or allowed by these Case Management Procedures shall be computed in accordance with Bankruptcy Rule 9006.

44. Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 2002(m), 9006(b) and 9006(c).

**Basis for Relief**

45. The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules provide the Court with authority to approve notice, case management, and administrative procedures. Specifically, Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."). In addition, Bankruptcy Rule 9036 authorizes parties in interest to request that "all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission." Fed. R. Bankr. P. 9036.

46. Section 102(1) of the Bankruptcy Code provides that if the Bankruptcy Code requires an action to occur "after notice and a hearing," such action may occur "after such notice

16

as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Moreover, section 105(a) of the Bankruptcy Code states that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. . . ." 11 U.S.C. § 105(a); *see also* 11 U.S.C. § 105(d)(1). In light of the above, the Case Management Procedures in these chapter 11 cases should be approved pursuant to section 105(a) of the Bankruptcy Code. The Debtors respectfully submit that implementing the Case Management Procedures is appropriate in these chapter 11 cases and is well within the Court's equitable powers under section 105 of the Bankruptcy Code.

47. In addition, Local Bankruptcy Rules 9013-1 and 9013-3 allows the Court to set appropriate notice requirements and objection deadlines in connection with the facts and circumstances of these chapter 11 cases. *See, e.g.*, L.R. 9013-1, 9013-3. Therefore, the Debtors submit that omnibus hearings and electronic notice requirements as provided in the Case Management Procedures, whenever possible, should be permitted to alleviate any notice or hearing burdens that may arise in these chapter 11 cases.

48. Further, pursuant to Local Bankruptcy Rule 5005(B), "registration to file electronically constitutes the participant's consent to receive notice and service by electronic means and is a written waiver of service by other means … [and] notice through the Court's CM/ECF system constitutes service of documents referenced in the Notice of Electronic Filing." L.R. 5005(B). Hence, any party submitting a document to the Court for filing with the Court's electronic filing system has already consented to electronic service as provided by the Proposed Order and Case Management Procedures and will not be prejudiced by electronic notice. Such registered participants will receive a "Notice of Electronic Filing" via email whenever a filing is

17

made, which will provide additional notice to such parties. If a party cannot reasonably obtain access to email, then such party may seek an exemption from electronic service to receive paper copies of any documents filed with the Court as set forth in the Order and Case Management Procedures. Therefore, no party will be affected adversely by electronic service as set forth in the Case Management Procedures.

49. Due to the substantial number of parties in interest expected to be involved in these chapter 11 cases and the complex nature of the Debtors' integrated global operations, the Debtors respectfully submit that implementation of the Case Management Procedures is warranted. Courts in this district regularly grant relief similar to that requested herein to expedite case administration and to reduce the costs thereof. *See, e.g.*, *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 15, 2016); *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 12, 2016); *In re Arch Coal, Inc.*, No. 16-40120 (BSS) (Bankr. E.D. Mo. Jan. 21, 2016); *In re Patriot Coal Corp.*, No. 12-51502 (Bankr. E.D. Mo. Mar. 22, 2013).[5]

50. In sum, approval of the Case Management Procedures will promote the efficient and orderly administration of these chapter 11 cases by, among other things: (a) limiting service of Court Filings to those parties that have an interest in the subject matter thereof; (b) authorizing electronic service; and (c) fixing monthly Omnibus Hearings. For the reasons stated herein, the Debtors believe that the Proposed Order is appropriate and should be approved and implemented in these chapter 11 cases.

## Notice

51. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis);

---

[5] Because of the voluminous nature of these orders, such orders have not been attached to this Motion. Copies of these orders shall be made available upon request of the Debtors' proposed counsel.

18

(c) counsel to the Prepetition ABL Agent; (d) counsel to certain Prepetition ABL Lenders; (e) counsel to the Prepetition First Lien Term Loan Agent and the DIP Term Loan Agent; (f) counsel to the Prepetition First Lien Term Loan Steering Committee; (g) counsel to the Prepetition Second Lien Term Loan Agent; (h) the DIP ABL Agent; (i) co-counsel to the DIP ABL Agent, Choate, Hall & Stewart LLP (Attn: Kevin J. Simard, Esq. and Douglas R. Gooding, Esq.) and Thompson Coburn LLP (Attn: Mark V. Bossi, Esq.); (j) the Tranche A-1 Agent; (k) counsel to the Tranche A-1 Agent, Schulte, Roth & Zabel, LLP (Attn: Adam C. Harris, Esq.); (l) the United States Attorney's Office for the Eastern District of Missouri; (m) the Internal Revenue Service; (n) the United States Securities and Exchange Commission; (o) the state attorneys general for all states in which the Debtors conduct business; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

52. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  April 4, 2017<br>St. Louis, Missouri | /s/ *Steven N. Cousins*<br>Steven N. Cousins MO 30788<br>Erin M. Edelman MO 67374<br>Armstrong Teasdale LLP<br>7700 Forsyth Boulevard, Suite 1800<br>St. Louis, MO 63105<br>Telephone:  (314) 621-5070<br>Facsimile:  (314) 612-2239<br>Email:  scousins@armstrongteasdale.com<br>Email:  eedelman@armstrongteasdale.com<br><br>Nicole L. Greenblatt, P.C. (*pro hac vice* pending)<br>Cristine F. Pirro (*pro hac vice* pending)<br>Jessica Kuppersmith (*pro hac vice* pending)<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>601 Lexington Avenue<br>New York, NY 10021<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  nicole.greenblatt@kirkland.com<br>Email:  cristine.pirro@kirkland.com<br>Email:  jessica.kuppersmith@kirkland.com<br><br>James H.M. Sprayregen, P.C.<br>William A. Guerrieri  (*pro hac vice* pending)<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br>Email:  will.guerrieri@kirkland.com<br><br>*Proposed Counsel for Debtors*<br>*and Debtors in Possession* |