UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | Case No. 17-42267-659 |
| | ) | Chapter 11 #68 (re: #14) |
| Debtors. | ) | Jointly Administered |

**AMENDED INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81.901(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

[1] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to such terms elsewhere in this Motion or in the First Day Declaration, as applicable.

creditors, and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on May 9, 2017, at 10:00 a.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on May 2, 2017, and shall be served on: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to certain Prepetition ABL Lenders; (e) counsel to the Prepetition First Lien Term Loan Agent and the DIP Term Loan Agent; (f) counsel to the Prepetition First Lien Term Loan Steering Committee; (g) counsel to the Prepetition Second Lien Term Loan Agent; (h) the DIP ABL Agent; (i) co-counsel to the DIP ABL Agent, Choate, Hall & Stewart (Attn: Kevin J. Simard, Esq. and Douglas R. Gooding, Esq.) and Thompson Coburn LLP (Attn. Mark V. Bossi, Esq.); (j) the Tranche A-1 Agent; (k) counsel to the Tranche A-1 Agent, Schulte, Roth & Zabel, LLP (Attn: Adam C. Harris, Esq.); (l) the United States Attorney's Office for the Eastern District of Missouri; (m) the Internal Revenue Service; (n) the United States Securities and Exchange Commission; (o) the state attorneys

general for all states in which the Debtors conduct business; and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to continue and modify the Employee Compensation and Benefits and to pay and honor prepetition amounts related thereto in an aggregate interim amount not to exceed $21,534,413.00 in the ordinary course of business and consistent with their prepetition practices; *provided that*, pending entry of the Final Order, the Debtors shall not pay or honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, and shall not pay or honor any prepetition amounts on account of Reimbursable Expense, any of the Corporate Credit Cards, or any of the Corporate Purchasing Cards that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code; *provided further* that pending entry of the Final Order, nothing herein shall be deemed to authorize the payment of any prepetition or postpetition amounts on account of, or the postpetition continuation of, any Additional Compensation Opportunities or Non-Insider Severance Obligations, with the exception of payments under the Distribution Center Incentive Plans, the Non-Insider Canada Severance Program, the Non-Insider Asia Severance Program, and up to $120,000 of Non-Insider U.S. Severance Programs obligations that come due prior to the date of the hearing on the Final Order, as applicable; *provided*, *further*, that, for the avoidance of doubt, nothing herein shall limit the right of any official committee of unsecured creditors, when appointed, to move to reconsider this Interim Order prior to the date of the hearing on the Final

Order; *provided*, *further*, that nothing in this Interim Order shall be deemed to authorize the payment of any amounts that are subject to section 503(c) of the Bankruptcy Code.

4. Nothing in this Interim Order shall be deemed to authorize the Debtors to: (a) pay any amounts to Insiders on account of the Additional Compensation Opportunities, Non-Insider Severance Obligations, or any other incentive compensation program or (b) continue to offer Additional Compensation Opportunities, Non-Insider Severance Obligations, or any other incentive compensation program.

5. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

6. Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the U.S. Workers' Compensation Program and the Canada Workers' Compensation Program, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) of this paragraph 6 are waived. This modification of the automatic stay pertains solely to claims under the U.S. Workers' Compensation Program and Canada Workers' Compensation Program.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

8. Nothing in the Motion or this Interim Order shall impair the Debtors' or any other party-in-interest's ability to contest the validity or amount of any payment made pursuant to this Interim Order.

9. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Independent Contractor, Temporary Worker, Temporary Staffing Agency, or other person or entity.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized, but not directed, to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

11. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

12. Notwithstanding the relief granted in this Interim Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to the orders approving entry into debtor-in-possession financing and authorizing use of cash collateral.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

14. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. No later than 2 days after the date of this Interim Order, the Claims and Noticing Agent is directed to serve a copy of the Interim Order on all parties listed below and is directed to file a certificate of service no later than 24 hours after service.

Kathy A. Surratt-States
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: April 14, 2017
St. Louis, Missouri
jjh

**Order Prepared by:**

Steven N. Cousins MO 30788
Erin M. Edelman MO 67374
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
Email: scousins@armstrongteasdale.com
Email: eedelman@armstrongteasdale.com

Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Cristine F. Pirro (*pro hac vice* pending)
Jessica Kuppersmith (*pro hac vice* pending)
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
601 Lexington Avenue
New York, NY 10021
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: nicole.greenblatt@kirkland.com
Email: cristine.pirro@kirkland.com
Email: jessica.kuppersmith@kirkland.com
James H.M. Sprayregen, P.C.
William A. Guerrieri (*pro hac vice* pending)
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: will.guerrieri@kirkland.com