**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-42267-659 |
| | ) | Chapter 11 |
| Payless Holdings LLC, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket Nos.: 14, 68, 240 |

**FINAL ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing, but not directing, the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81.901(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided

---

[1] Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Motion or in the First Day Declaration, as applicable.

appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The relief provided in the Interim Order is approved on a final basis.

3. The Debtors are authorized, but not directed, to continue and modify the Employee Compensation and Benefits on a postpetition basis, and to pay and honor prepetition amounts related thereto, in each case in the ordinary course of business, and consistent with the Debtors' prepetition policies and practices; *provided that*, the Debtors are not authorized to make any payments on account of the Non-Insider Annual Incentive Plan pursuant to this Order; *provided further that*, the Debtors shall not pay amounts of Non-Insider Severance Obligations that were owed as of the Petition Date that exceed $80,000.00 to any single individual with five years or less of employment with the Debtors unless such payment is consented to by the U.S. Trustee or ordered by this Court.

4. The automatic stay of Section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit: (a)(i) Employees to proceed with their workers' compensation claims, whether arising prior to or subsequent to the Petition Date, in the appropriate judicial or administrative forum under the U.S. Workers' Compensation Program

and the Canada Workers' Compensation Program,[2] (ii) insurance carriers and third party administrators providing coverage for any workers' compensation claims to handle, administer, defend, settle and/or pay workers' compensation claims, (iii) the Debtors to pay all amounts relating thereto in the ordinary course of business, and (iv) any insurance carrier and/or third party administrators providing coverage for any workers' compensation claims to draw on any and all letters of credit, and apply any proceeds thereof, provided on behalf of the Debtors therefor pursuant to the terms of the Workers' Compensation Program without further order of the Bankruptcy Court if any when the Debtors fail to pay and/or reimburse any insurance carriers or third party administrators for any amounts in relation to any workers' compensation claim; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) of this paragraph 4 are waived. This modification of the automatic stay pertains solely to claims under the U.S. Workers' Compensation Program and Canada Workers' Compensation Program.

5. Nothing herein (a) alters or amends the terms and conditions of the U.S. Workers' Compensation Program or the Canada Workers Compensation Program including, but not limited to, (i) the obligation, if any, of any insurer or third party administrator to pay any amounts within a deductible and the right, if any, of an insurer or third party administrator to seek reimbursement from the Debtors therefor, (ii) the obligation, if any, of the Debtors to reimburse any insurer or third party administrator for defense costs, and (iii) the right, if any, of any insurer or third party administrator to draw on any letters of credit, or apply any proceeds thereof, if any, in subparagraphs (i) and (ii), above, to the extent that the Debtors fail to reimburse the insurer or third party administrator therefor (and, to the extent necessary, the

[2] For the avoidance of doubt, the Debtors' U.S. Workers Compensation Program and Canada Workers Compensation Program shall include all workers' compensation insurance policies, whether current or expired, and any agreements related thereto.

automatic stay of section 362 of the Bankruptcy Code is hereby modified to permit such); (b) relieves the Debtors of any of their other obligations under the U.S. Workers' Compensation Program or the Canada Workers Compensation Program; (c) creates or permits a direct right of action against an insurance carrier or third party administrator; or (iv) precludes or limits, in any way, the rights of any insurance carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under the U.S. Workers' Compensation Program or the Canada Workers Compensation Program.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7. Nothing in the Motion or this Final Order shall impair the Debtors' or any other party-in-interests' ability to contest the validity or amount of any payment made pursuant to this Final Order.

8. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Independent Contractor, Temporary Worker, or Temporary Staffing Agency, or other person or entity.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized, but not directed, to receive, process, honor, and pay all such checks and electronic payment

requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

11. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Final Order, any authorization contained in this Final Order, or any claim for which payment is authorized hereunder, shall be subject to any orders of this Court approving any debtor in possession financing for, or any use of cash collateral by, the Debtors, and any documents providing for such debtor in possession financing and the Budget governing such debtor in possession financing and use of cash collateral.

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14. No later than 2 days after the date of this Final Order, the Claims and Noticing Agent is directed to serve a copy of the Final Order and is directed to file a certificate of service no later than 24 hours after service.

Kathy A. Surratt-States

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: May 9, 2017
St. Louis, Missouri
jjh

**Order Prepared by:**

Steven N. Cousins MO 30788
Erin M. Edelman MO 67374
John G. Willard MO 67049
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile: (314) 621-2239
Email: scousins@armstrongteasdale.com
Email: eedelman@armstrongteasdale.com
Email: jwillard@armstrongteasdale.com

Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Cristine F. Pirro (admitted *pro hac vice*)
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
601 Lexington Avenue
New York, New York 10021
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: nicole.greenblatt@kirkland.com
Email: cristine.pirro@kirkland.com

James H.M. Sprayregen, P.C.
William A. Guerrieri (admitted *pro hac vice*)
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: will.guerrieri@kirkland.com

*Counsel to Debtors and Debtors in Possession*